UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| WILFRED L. JOHNSON | CIVIL ACTION NO. 04-1438 |
|---|---|
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| TOWN OF JONESVILLE, et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

REPORT AND RECOMMENDATION

Before the court is defendants' motion for summary judgment, Doc. #8.

This is a suit for damages. Plaintiff alleges that on July 10th, 2003, he was wrongfully arrested at his home at 1000 Early Drive in Jonesville, Louisiana.

Defendant asserts in this motion that the actual date of plaintiff's arrest was July 3, 2003, not July 10th. Suit was filed on July 9, 2004. Therefore, defendants argue, the suit comes too late and should be dismissed.

The Law of Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure mandates that a summary judgment:

> "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, [submitted concerning the motion for summary judgment], if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a

matter of law."

Paragraph (e) of Rule 56 also provides the following:

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

Local Rule 56.2W also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried.

A party seeking summary judgment always bears the initial burden of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett,</u> 106 S.Ct. 2548 at 2552; <u>International Ass'n. of Machinists & Aerospace</u>

Workers, Lodge No. 2504 v. Intercontinental Mfg. Co., Inc., 812 F.2d 219, 222 (5th Cir. 1987). However, movant need not negate the elements of the nonmovant's case. Little v. Liquid Air Corporation, 37 F.3d 1069, (5th Cir. 1994). Once this burden has been met, the non-moving party must come forward with "specific facts showing that there is a genuine issue for trial." Izen v. Catalina 382 F.3d 566 (5th Cir. 2004); Fed. R. Civ. P. 56(e). All evidence must be considered, but the court does not make credibility determinations. If the movant fails to meet its initial burden, summary judgment should be denied. Little, 37 F.3d at 1075.

However, the non-movant, to avoid summary judgment as to an issue on which it would bear the burden of proof at trial, may not rest on the allegations of its pleadings but must come forward with proper summary judgment evidence sufficient to sustain a verdict in its favor on that issue. Austin v. Will-Burt Company, 361 F. 3d 862, (5th Cir. 2004). This burden is not satisfied with "some metaphysical doubt as to the material facts," by "conclusory allegations," by "unsubstantiated assertions," or by only a "scintilla" of evidence. Little, id.

In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Celotex at 2553.

3

## Analysis

In support of its motion, defendants attach the certified records of the Jonesville police department, in the form of a handwritten log, showing, on July 3, 2003, that an officer was dispatched to plaintiff's address following a request. In addition, an offense report was completed and filed by the officer who was dispatched, Officer Johnny Wilson, which also shows that the incident occurred on July 3rd. Further, defendants offer the statement of Officer Milton Savage showing July 3, 2003 as the date of the incident complained of. Finally, Wilson testified in deposition that the date of the incident was July 3rd. Wilson testified that he completed the report on the date of the incident and that he routinely completes his reports as the incidents occur.

Plaintiff counters with the statements of plaintiff and of Lisa Mackey and the affidavits of plaintiff and his mother, Irma Johnson. The affidavits do not reflect the date of the incident, but were given on July 18th. The affidavits show that plaintiff lived at Mackey's house. Both affidavits assert that the incident occurred on July 10th, not the 3rd. As evidence of that assertion, Irma Johnson attests that on July 4th she had a bar-b-que at her house and that her son did not have any injury to his hands, wrists or arms and did not tell her he had been arrested. Johnson then offers the opinion that she believes that if her son had been arrested, and handcuffed so tight that his wrists hurt as he

4

claims, "everyone at the bar-b-que would have heard about it" and it would have been "a major topic of conversation". She also asserts that she didn't receive a call from her son at the police department, apparently meaning to suggest that if he had been arrested, he would necessarily have telephoned her. She also attests that on July 10th, she did receive a call.

Plaintiff's evidence consists of, at best, conclusory allegations and unsubstantiated assertions. The affidavits do not create a <u>genuine</u> issue of fact. Plaintiff has offered no documentary evidence to support the self-serving affidavits. Further, Irma Johnson's affidavit assumes the truth of her son's allegations in this suit, that is that his wrists were injured and further assumes that such injury would have been readily apparent to anyone who looked. It further assumes that her son would necessarily have telephoned her and further assumes that the incident would have been discussed at the bar-b-que.

On the contrary, defendants have submitted not only the sworn testimony of the officers, but also the official log book which shows the date of the arrest was July 3, 2003, not July 10th. The log book appears to have been kept in a spiral notebook. At the request of the court additional portions of the log book were presented to the court which makes it perfectly clear that the entries in the book were made chronologically and in the ordinary course of business. Further, the statements of the officers reflect

that the date of the incident was July 3, 2003. At least the statement of Officer Wilson was made at the time and on the date of the incident. Therefore, while plaintiff's evidence is contrary to the evidence presented by the defendants, it does not rise to the level of creating a genuine issue and constitutes only unsubstantiated assertions.

Because there is no genuine issue of material fact as to the date of the incident and because that incident occurred on July 3rd, 2003, summary judgment should be granted.

For the foregoing reasons, IT IS RECOMMENDED that defendants' motion for summary judgment, Doc. # 8, be GRANTED dismissing plaintiff's claims.

## **OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN**

**TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 21st day of November, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE